**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

RANJOT SINGH CHEEMA,                    )
                                        )
            Petitioner,                 )
                                        )
v.                                      )        Case No. CIV-26-551-J
                                        )
SCARLET GRANT, et al.,                  )
                                        )
            Respondents.                )

## ORDER

Petitioner Ranjot Singh Cheema, a citizen of India, is currently in the custody of Immigration and Customs Enforcement (ICE).  Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] and the matter was referred to United States Magistrate Judge Suzanne Mitchell.  Judge Mitchell issued a Report and Recommendation recommending that the Court: (1) grant Petitioner's habeas application; (2) order Petitioner's immediate release subject to his previous conditions; and (3) order Respondents to certify compliance by filing a status report within five business days of the Court's order.  [Doc. No. 11].  Respondents filed a timely Objection (Obj.) [Doc. No. 12], triggering de novo review.  *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

## I.    Background

Petitioner entered the United States without inspection in April 2023.  On April 11, 2023, he was released by Customs and Border Protection under 8 U.S.C. § 1226(a), granted "conditional parole," and issued a Notice to Appear.  In August 2023, he filed an application for asylum and received a temporary work authorization.  In September 2025, ICE placed him in custody again, where he remains without a hearing.  Petitioner asserts that his continued detention without a bond hearing violates the Immigration and Nationality Act (INA) and his due process rights.

## II.    Report and Recommendation

Upon review, Judge Mitchell concludes that Petitioner is not seeking admission as contemplated under 8 U.S.C. § 1225(b)(2)(A) and thus 8 U.S.C. § 1226(a) controls his detention. As such, Petitioner's continued detention without a bond hearing violates the INA.  *See* Rep. & Rec. at 5–8.  Judge Mitchell further concludes that due process entitles Petitioner to release because his prior release was revoked without proper procedures or justification.  *See id.* at 8–16.

## III.    Analysis

### A.  Jurisdiction

Respondents argue Petitioner's claims are barred because the Court lacks jurisdiction under 8 U.S.C. § 1252(g) over "any cause or claim by or on behalf of any alien arising from the decision by [DHS] to *commence* proceedings, *adjudicate* cases, or *execute* removal orders against any alien under this chapter."  Obj. at 2–5.  This Court has already joined the majority of courts finding that § 1252(g) does not strip this Court of jurisdiction.  *E.g., Medina-Herrera v. Noem*, No. CIV-25-1203-J, 2025 WL 3460946, at *1–2 (W.D. Okla. Dec. 2, 2025); *Van Tang v. Grant*, No. CIV-25-1468-J, 2026 WL 321461, at *2 (W.D. Okla. Feb. 6, 2026).  There are no arguments presented in the Response [Doc. No. 10] or the Objection [Doc. No. 12] that alter the Court's conclusion. Accordingly, the Court ADOPTS the thorough and well-reasoned conclusion in the Report and Recommendation that § 1252(g) does not bar this Court from exercising jurisdiction to consider Petitioner's challenge to his detention.

### B.  Section 1226(a)

Second, Respondents object to Judge Mitchell's conclusion that § 1226(a) controls Petitioner's detention.  *See* Obj. at 5–9.  Although employing a de novo review, the Court declines to engage in lengthy analysis.  This Court, and indeed most courts in this circuit and nationwide,

have repeatedly concluded that § 1226(a) controls in this situation.  *See Rawal v. Figueroa*, No. CIV-26-354-J, 2026 WL 1232291, at *1 (W.D. Okla. May 5, 2026).  Unless the Tenth Circuit and/or Supreme Court hold differently, the matter is well settled in this Court and further discussion is unwarranted.

To the extent Respondents attempt to distinguish this case by arguing Petitioner was released pursuant to the humanitarian parole authority in 8 U.S.C. § 1182(d)(5)(A), the record does not support that premise.  The petition expressly alleges that Petitioner "was not paroled under § 1182(d)(5) and did not have a credible fear interview," and Respondents identify no evidence to the contrary.  [Doc. No. 1 ¶ 61].  Indeed, Respondents themselves acknowledge only that Petitioner "theoretically could be paroled" under § 1182(d)(5)(A), implicitly conceding he was not actually released under that provision.  Obj. at 12.  Moreover, courts have recognized a meaningful distinction between humanitarian parole under § 1182(d)(5)(A) and conditional parole under § 1226(a).  *E.g., Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. 2025); *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115–16 (9th Cir. 2007) ("It is apparent that [DHS] used the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)."); *Martinez v. Hyde*, 792 F. Supp. 3d 211, 215 (D. Mass. 2025).  Accordingly, the authorities on which Respondents rely concerning humanitarian parole under § 1182(d)(5)(A) do not warrant a different result here.

Finally, Respondents object to Judge Mitchell's conclusion that Petitioner's lack of a bond hearing violates due process.  *See* Obj. at 9–13.  However, the Court declines to address Petitioner's due process claim thus mooting the objection.  *See Singh v. Grant*, No. CIV-26-55-J, 2026 WL 915691, at *2 (W.D. Okla. Apr. 3, 2026) (concluding that the appropriate remedy for unlawful

detention under § 1226(a) was a bond hearing, not immediate release, because the court lacked sufficient evidence regarding release).

**IV.    Conclusion**

For the reasons above, the Report and Recommendation [Doc. No. 10] is ADOPTED IN PART and Petitioner's Petition for Writ of Habeas Corpus is GRANTED in so far as it alleges Respondents violated the INA.  The Court ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days of the date of this Order, or release Petitioner if no hearing occurs within that period.  Respondents shall certify compliance within seven business days of the date of this Order.[1]

A separate judgment will enter.

IT IS SO ORDERED this 21st day of May, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[1]    Judge Mitchell did not contemplate a bond hearing as the proper remedy and, as such, recommended five business days as an appropriate deadline for Respondents to certify compliance. Because the Court orders a bond hearing, however, it has extended the deadline for Respondents to certify compliance by an additional two days.